UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD BANDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:09-cv-82 |
| | ) |
| DARRELL KIMSEY, SWIFT | ) |
| TRANSPORTATION CO. INC., and SWIFT | ) |
| TRANSPORTATION CORPORATION, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

The matter is before the court on the Defendants Motion to Set Expert Fees and Compel Production of Supplemental Information [DE 25] filed on April 16, 2010. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

Background

On March 27, 2009, the plaintiff, Richard Bandy, filed his Complaint alleging damages from injuries from a traffic accident caused by the defendants, Darrell Kimsey, Swift Transportation Co., Inc., and Swift Transportation Corp. (hereinafter, collectively "Swift").

On May 4, 2007, Kimsey was operating a semi-truck and trailer owned by Swift and traveling east on Interstate 70 near mile post 90. Bandy, also operating a semi-truck and trailer, was traveling east on I-70 near mile post 90, and was in front of Kimsey. Bandy alleges that as he slowed for traffic ahead of him, he was rear-ended by Kimsey. After the traffic accident, Bandy was treated for injuries to his neck by Dr. Paul Smucker, who practices physical medicine and rehabilitation at the Orthopedic Center of Illinois, and by Dr. Kevin Macadaeg, who is the director of Section of Minimally Invasive Spine at Indiana Spine Group.

On April 16, 2010, Kimsey filed a Motion to Set Expert's Fees and Compel Production of Supplemental Information. Kimsey did not produce any certification or offer any information regarding a good faith effort to resolve this dispute with Bandy before filing the motion. The motion has two central issues.

First, the motion seeks to set the expert fees Dr. Smucker and Dr. Macadaeg charge for testimony in this case. Dr. Smucker charges $1000.00 per hour for his testimony, and Dr. Kimsey charges $1500.00 for the first hour and $1600.00 for each additional hour. Kimsey maintains that there has been regular contact with the offices of the doctors to schedule depositions, but there is no mention of attempting to negotiate a lower price for their fees. Kimsey asks the court to set expert fees for Dr. Smucker and Dr. Macadaeg at $500.00 per hour, arguing that the hourly fees of both doctors are unreasonable when compared with other doctors within the same geographical area and with similar medical credentials. Kimsey offered the names and background of six separate doctors whose witness fees varied between $400.00 and $600.00 per hour.

Next, Kimsey maintains that both Dr. Smucker's and Dr. Macadaeg's written reports were deficient and require supplementation. On April 30, 2010, Bandy filed his Response and alluded to the fact that Kimsey has not shown any indication of attempting to resolve this issue with either Dr. Smucker or Dr. Macadaeg or counsel for Bandy, and further, that upon receipt of the motion, Dr. Smucker and Dr. Macadaeg submitted their written report supplements, which were then forwarded to Kimsey.

<u>Discussion</u>

Federal Rule of Civil Procedure 37(a)(1) requires that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37.1(c) requires that the certification "shall be made in a separate document filed contemporaneously with the motion" and recite the date, time, and place of the

2

conference or attempted conference and the names of all persons participating in the conference.

Because Brandy has agreed to produce the supplements, there is no need for the court to interfere. It appears that if the parties had met and conferred, the request would have been unnecessary.

The Defendants Motion to Set Expert Fees and Compel Production of Supplemental Information is a discovery motion and fails to comply with the certification requirements. The defendants discussed the fee issue with neither the experts nor the plaintiff, Bandy. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

_____

For the foregoing reasons the Motion to Set Expert Fees and Compel Production of Supplemental Information [DE 25] is **DENIED WITHOUT PREJUDICE**.

ENTERED This 15th day of July, 2010.

/s/ Andrew P. Rodovich
United States Magistrate Judge