```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


RICHARD BANDY,                   )
                                 )
          Plaintiff              )
                                 )
     v.                          )    Case No. 2:09 cv 82
                                 )
DARRELL KIMSEY, SWIFT            )
TRANSPORTATION CO., INC., SWIFT  )
TRANSPORTATION CORPORATION,      )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Renewed Motion to Set Expert Fees [DE 33] filed by the defendants, Darrell Kimsey, Swift Transportation Co., Inc., and Swift Transportation Corp., on July 30, 2010.  Based on the following, the motion is GRANTED.

Background

This matter arises out of an automobile accident that occurred on May 4, 2007.  After the accident, the plaintiff, Richard Bandy, was treated by Dr. Paul Smucker and Dr. Kevin Macadaeg.  Bandy disclosed both physicians as experts under Federal Rule of Civil Procedure 26(a).  The defendants contacted Dr. Smucker and Dr. Macadaeg to schedule their depositions.  Dr. Smucker demanded $1,000 per hour for his testimony, and Dr. Macadaeg requested $1,500 for the first hour, and $400 for every 15 minutes thereafter.

The defendants filed a motion to compel on April 16, 2010, asking the court to set the experts' fees and to compel the plaintiff's experts to supplement their reports. Bandy responded to the defendants' argument to compel the experts to supplement their reports, but he did not address the issue of setting the experts' fees. The defendants' motion was denied without prejudice because the defendants failed to include a certification showing that the movant made a good faith effort to confer with the opposing party before seeking court intervention as required by Federal Rule of Civil Procedure 37(a)(1). The defendants have since conferred and now move the court to set the experts' fees, arguing that the fees Dr. Smucker and Dr. Macadaeg demand are unreasonable. Bandy has not responded to the defendants' motion, and the time to do so has passed.

## Discussion

Federal Rule of Civil Procedure 26(b)(4)(C) provides that: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B). . . ." The court determines whether the fees are reasonable by examining the relationship between the services rendered and the remuneration the expert is entitled to. Artistic Carton Co. v. Thelamco, Inc., 2008 WL 2622806, *2 (N.D. Ind.

2008). While there is little authority on what a reasonable fee is, the court considers: "(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." Artistic Carton Co., 2008 WL 2622806, at *2 (citing Dominguez v. Syntex Labs, Inc., 149 F.R.D. 166, 167 (S.D. Ind. 1993)). See also Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 495 (S.D. Iowa 1992)(stating that there is little authority for determining what a reasonable expert fee is and instead the court balances the factors described above). "The ultimate goal must be to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." Anthony v. Abbott Laboratories, 106 F.R.D. 461, 465 (D. R.I. 1985)(citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1938 n.4, 76 L.Ed.2d 40 (1983)). In setting the expert fees, the

court is not re-allocating the costs of discovery from the defendant to the plaintiff. Dominguez, 149 F.R.D. at 170. Rather, the deposition is an arrangement between the defendant and the expert, and the plaintiff owes no duty to reimburse the expert for any amount over the fee set by the court. Dominguez, 149 F.R.D. at 170.

Because Bandy did not respond to the defendants' motion to set expert fees, he has waived his opportunity to do so. See Local Rule 7.1 ("Failure to file a response or reply within the time prescribed may subject the motion to summary ruling."); Crews v. Platolene 500, Inc., 2006 WL 1004908, *1 (S.D. Ill. April 13, 2006)(construing the plaintiff's failure to respond to the defendant's motion as an admission of its merits). For this reason, it appears that Bandy, Dr. Smucker, and Dr. Macadaeg, do not dispute that the fees are unreasonable and agree to the facts as the defendants presented. The court will now apply the law to the facts as provided by the defendants.

Drs. Smucker and Macadaeg are Board Certified in Pain Management, and Dr. Macadaeg is a Board Certified Anesthesiologist. As physicians testifying to the plaintiff's diagnosis, treatment, and prognosis, they are entitled to reasonable expert fees. See Dominguez, 149 F.R.D. at 170 (setting expert fees for an expert physician's deposition). See also, Wirtz v. Kansas Farm

Bureau Services, Inc., 355 F.Supp.2d 1190, 1212 (D. Kan. 2004) ("With the exception of a situation where a physician is called upon to testify solely as to his or her recollection of an event such as a car accident observed from a distance, in which case the physician would be a pure fact witness, a physician testifying as to the diagnosis, treatment and prognosis of a patient will necessarily draw upon special scientific knowledge and experience, and is entitled to a 'reasonable fee' for expert testimony.").

The defendants dispute the reasonableness of Drs. Smucker and Macadaeg's fees. In support of their argument, the defendants submitted the rates of six physicians with comparable backgrounds who charge an hourly deposition rate significantly less than Dr. Smucker and Dr. Macadaeg. Three of the physicians presented, Drs. Lubenow, Lanoff, and Berger, are Board Certified in Pain Management like Dr. Smucker and Dr. Macadaeg, and charge $400, $600, and $600 per hour respectively. Drs. Lubenow and Berger are also Board Certified in Anesthesiology as is Dr. Macadaeg. All of the physicians the defendants submitted charge between $400 and $600 an hour. This is significantly less than the $1,000 and $1,500 an hour Dr. Smucker and Dr. Macadaeg demand. Bandy, Dr. Smucker, and Dr. Macadaeg have not provided

any justification for this discrepancy or evidence to show why their fees should exceed these rates.

Furthermore, the record does not reflect why Dr. Smucker and Dr. Macadaeg's fees should far exceed the fees of the comparable physicians the defendants submitted. To begin, the nature of this case is not so complex as to warrant a significantly greater fee. Second, as the treating physicians, Drs. Smucker and Macadaeg's testimony is pertinent to the case, and requiring an exuberant fee would prejudice the defendants. See Hose v. Chicago and North Western Transp. Co., 154 F.R.D. 222, 226 (S.D. Iowa 1994)("[H]is status as treating physician militated against fee"). Third, the fees Dr. Smucker and Dr. Macadaeg demand do not appear to reflect their true average hourly rate or the rate the physicians charged Bandy. The defendants claim that Bandy paid $77.99 for each office visit and that Dr. Smucker disclosed that he charged $250 for a review of Bandy's medical records and the dictation of his expert report. Surely his review and dictation took more than 15 minutes to prepare. Finally, the record does not reflect that either Dr. Smucker or Dr. Macadaeg have unique knowledge or are preeminent experts in their fields to account for the discrepancy in their fees and the fees of the other experts presented.

Other cases have ordered the expert physician's fees to be reduced to under $400 per hour. McClain v. Owens-Corning Fiberglas Corp., 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)(finding that a $400 fee for a physician in a complex asbestos case was unreasonable); Dominguez, 149 F.R.D. at 170 (reducing the expert physician's fee from $800 to $341.50 per hour); Hose, 154 F.R.D. at 227 (reducing the expert physician's fees from $800 to $400 per hour); Goldwater v. Postmaster General, 136 F.R.D. 337 (D. Conn. 1991)(holding that a reasonable fee for a psychiatrist to testify was $200 per hour rather than $450). Given the lapse of time from when these cases were decided, it is clear that the market rate for expert physicians has increased, but a four to eight fold increase is egregious. See Profile Products, LLC v. Soil Management Technologies, Inc., 155 F.Supp.2d 880, 887 (N.D. Ill. 2001)(finding the expert fees of $475 an hour for a forensic accountant in a contract case unreasonable where the court rejected expert fees of $400 an hour for a physician in a complex asbestos case five years earlier).

---

Based on the foregoing, the Renewed Motion to Set Expert Fees filed by the defendants, Darrell Kimsey, Swift Transportation Co., Inc., and Swift Transportation Corp., on July 30, 2010, is GRANTED. In light of the rates charged by the experts that

7

are most comparable to Drs. Smucker and Macadaeg, the court SETS the expert fee at $600 an hour.

ENTERED this 4th day of November, 2010

                                                  s/ Andrew P. Rodovich
                                                      United States Magistrate Judge